<div style="text-align:center">

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

</div>

| | |
|---|---|
| BRIAN K. CARTER, | Case No. 17-cv-07086-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY** |
| OATH HOLDINGS, INC., | |
| Defendant. | |
| | [Re: ECF 17, 48] |

Plaintiff Brian K. Carter brings this trademark infringement action against Defendant Oath Holdings, Inc. Compl., ECF 1-1. Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Mot. to Dismiss, ECF 17. Defendant also filed a motion for a protective order staying discovery. Mot. for Stay of Discovery, ECF 48. Pursuant to Civil Local Rule 7-1(b), the Court finds Defendant's motions to be suitable for submission without oral argument. For the reasons stated below, Defendant's motion to dismiss is GRANTED with LEAVE TO AMEND, motion for a more definite statement is GRANTED, and motion for a protective order staying discovery is GRANTED.

## I.   BACKGROUND

Plaintiff resides in Ohio and allegedly owns a trademark registration for "The House of Figurine Sculptures.com." Compl. at iii, ECF 1-1. Plaintiff initiated this trademark infringement action in state court naming "Yahoo Incorporate" as the defendant. *See* Compl. On December 13, 2017, Defendant removed this action based on federal question jurisdiction. Notice of Removal, ECF 1. In its notice of removal, Defendant states that "Yahoo Incorporate" does not exist. *Id.* at 1 n.1. Defendant further states that insofar as Plaintiff's Complaint identifies "Yahoo! Inc." as the

<div style="writing-mode:vertical-lr; text-align:center">United States District Court<br>Northern District of California</div>

1    defendant, "Yahoo! Inc." transferred all liabilities relevant to Plaintiff's claims to "Yahoo

2    Holdings, Inc." *Id.* On May 5, 2018, Defendant filed a notice stating that it has changed its name

3    to "Oath Holdings, Inc." ECF 47.

4         Defendant provides a search engine ("Yahoo Search") that allows people to search the

5    Internet. The Court takes judicial notice of the well-known fact that internet search engines index

6    third-party web content and dynamically return relevant search results in response to user-entered

7    search terms. Fed. R. Evid. 201(b)(1); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098, 2013

8    WL 2109963, at *1 (C.D. Cal. Mar. 8, 2013), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (taking judicial

9    notice of how content is searched and stored in an online network service).

10        Plaintiff's Complaint alleges that Defendant uses "two active counterfeit marks identical to

11   Plaintiff['s] genuine mark" titled "The House of Figurine Sculptures - Image Result" and "More

12   The House of Figurine Sculptures Images." Compl. at iv. The Complaint attaches the following

13   screenshot of an internet search result:



United States District Court
Northern District of California

1    As best understood, Plaintiff alleges that Defendant has "counterfeit marks" shown as images in

2    the screenshot displayed above.  Compl. at vii.  Plaintiff also alleges that he has no connection to

3    "those goods and services sold" and that Defendant's "counterfeit marks misrepresent [the]

4    designation of origin" of the goods and services.  *Id.*  According to Plaintiff, Defendant has

5    "created false sponsorships and endorsements that do not exist" and their "counterfeit marks [are]

6    deceptive, confusing, and is likely to cause mistake on the part of [the] consuming public."  *Id.* at

7    viii.

8        In addition, Plaintiff alleges that he conducted business with Defendant "through the

9    purchase of an e-commerce webhosting (WH) website."  Compl. at x.  "The House of Figurine

10   Scultpures.com" was the "domain name [and] register service mark applied to the website

11   purchased from Defendant."  *Id.*  Plaintiff further pleads that Defendant did not have authorization

12   to use or sell Plaintiff's "principal register service mark" or his "business identity in commerce."

13   *Id.* at xii.

14       Based on the above allegations, the Complaint asserts three causes of action under the

15   Lanham Act: (1) trademark infringement (15 U.S.C. § 1114), (2) false designation of origin (15

16   U.S.C. § 1125), and (3) counterfeiting under the Trademark Counterfeiting Act of 1984.

17

18   **II.    DEFENDANT'S MOTION TO DISMISS**

19       **A.    Legal Standard**

20       "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

21   accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

22   U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When

23   considering such a motion, the Court "accept[s] factual allegations in the complaint as true and

24   construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St.*

25   *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, "[t]hreadbare

26   recitals of the elements of a cause of action, supported by mere conclusory statements, do not

27   suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**B.    Discussion**

Defendant raises several arguments why the Complaint fails to state a claim.  In particular, Defendant asserts that Plaintiff must allege that Defendant "uses" a mark to state a claim for trademark infringement, false designation of origin, or counterfeiting.  Mot. to Dismiss 6. Defendant also contends that the Complaint does not allege a likelihood of confusion.  *Id.* at 10. Defendant further argues that Plaintiff's theory of liability is inconsistent with the Ninth Circuit's views on search engine functionality.  *Id.* at 9.

Plaintiff filed an "objection to Defendant's dismissal."  Opp'n to Mot. to Dismiss, ECF 50. After summarizing his view of the history of the case, Plaintiff argues that the Complaint only addresses "Defendant's intentional development of two active counterfeit marks [that are] identical to Plaintiff['s] genuine mark" but not Yahoo's entire web search engine result.  *Id.* at 7. In addition, Plaintiff contends that Defendant accepted "the allegations in the original complaint in its current written state."  *Id.* at 8.  Plaintiff, however, does not address the merits of Defendant's arguments based on the Lanham Act.

After reviewing the parties' briefing, the Court agrees with Defendant that the Complaint fails to state a claim.  First, the Complaint fails to sufficiently plead that Defendant "uses" Plaintiff's mark under the meaning of the Lanham Act.  To state a claim for trademark infringement, false designation of origin, or counterfeiting, a plaintiff must allege that the defendant "uses" the mark at issue in commerce.  *See* 15 U.S.C. § 1114(a); 15 U.S.C. § 1125(a)(1).  Courts have held that an online provider does not "use" a mark under the meaning of the Lanham Act when its search engine returns a search result based on an input of a consumer. *Perfect 10*, 2013 WL 2109963, at *14 ("Defendants do not 'use' Plaintiff's marks in a commercial transaction by merely offering a search function that allows third parties to search for images using Plaintiff's marks as search terms.").  As such, merely returning search results to purportedly display a trademark does not show that Defendant is liable under the Lanham Act.  Although the Complaint alleges that Defendant "use[s] . . . two active counterfeit marks identical to Plaintiff['s] genuine mark," that allegation is conclusory and is "not entitled to be assumed true."  *Iqbal*, 556 U.S. at 681.

4

1    Second, the Complaint fails to sufficiently allege a likelihood of confusion.  To state a

2    claim under the Lanham Act, a plaintiff must allege a likelihood of confusion.  *Two Pesos, Inc. v.*

3    *Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).  Here, the Complaint merely alleges that

4    Defendant's "counterfeit marks misrepresent [the] designation of origin" and that their

5    "counterfeit marks [are] deceptive, confusing, and is likely to cause mistake on the part of [the]

6    consuming public."  Compl. at vii, viii.  Such allegations are legal conclusions and are "not

7    entitled to be assumed true."  *Iqbal*, 556 U.S. at 681.  Indeed, "[t]hreadbare recitals of the elements

8    of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion

9    to dismiss.  *Id.* at  678.

10    For the foregoing reasons, the Court concludes that the Complaint fails to sufficiently

11    allege claims for (1) trademark infringement (15 U.S.C. § 1114), (2) false designation of origin

12    (15 U.S.C. § 1125), and (3) counterfeiting under the Trademark Counterfeiting Act of 1984.  The

13    Court therefore GRANTS Defendant's motion to dismiss the complaint.

14    **C.    Leave to Amend**

15    The dismissal of the complaint is with leave to amend.  *Manzarek v. St. Paul Fire &*

16    *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (holding that a court granting a motion to

17    dismiss should permit leave to amend unless it would be clearly futile).  At this time, the Court is

18    unable to determine that allowing Plaintiff to amend the complaint would be clearly futile.

19    Plaintiff may have facts to overcome the deficiencies in the dismissed complaint.  However, as a

20    pro se litigant, Plaintiff may not have been aware that he must plead those facts to state a viable

21    claim.  As such, Plaintiff shall have a further opportunity to amend the complaint in light of the

22    pleading standard articulated in this order.

23    The Court notes that insofar as Plaintiff alleges that Defendant is liable for trademark

24    infringement unless its search engine returns only search results from Plaintiff's own website,

25    Plaintiff's theory is inconsistent with the Ninth Circuit's view of search engine functionality.  *See*

26    *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176–77 (9th Cir. 2010) (holding that

27    disallowing the use of trademarks to accurately describe goods and services in the context of

28    nominative fair use would stifle competition).  If Plaintiff seeks to file an amended complaint, his

United States District Court
Northern District of California

5

allegations must be consistent with trademark infringement liability under Ninth Circuit law to state a viable claim.

The Court will allow Plaintiff to file an amended complaint **on or before July 23, 2018**.

### III.   DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Defendant argues that Plaintiff should provide a more definite statement as to all three causes of action.  Mot. to Dismiss 12.  The Court agrees.  While the Complaint mentions the causes of action by name, it fails to provide Defendant sufficient notice as to the basis for Plaintiff's claims.  The Court therefore GRANTS Defendant's request for a more definite statement.  In amending the Complaint, Plaintiff shall clearly plead separate causes of action and indicate which allegations support each cause of action.

### IV.   DEFENDANT'S MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY

A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A).  Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'" *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants.").

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. C-13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003).  First, a pending motion

United States District Court
Northern District of California

6

must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

The Court has considered the merits of Defendant's motion to dismiss in considering whether a limited stay of discovery is warranted in this case. *Tradebay*, 278 F.R.D. at 602. Defendant's motion is dispositive because every claim in the complaint is subject to dismissal. Second, discovery is unnecessary for resolution of the motion to dismiss, and as set forth above, the Court has dismissed the complaint. The Court therefore concludes that the two-prong test is satisfied.

Plaintiff's arguments do not compel an opposition conclusion. Although Plaintiff filed an opposition, he fails to argue that the two-prongs are not satisfied. *See* Opp'n to Mot. for Stay of Discovery, ECF 57. Instead, Plaintiff merely contends that discovery should continue as scheduled and reiterates some arguments contained in his opposition to Defendant's motion to dismiss. *See generally id.* Those arguments do not persuade the Court to change its conclusion that the two-prong test is satisfied.

Accordingly, under Ninth Circuit law and the two-pronged approach applied by courts in this district, the Court finds that good cause exists to stay discovery until Plaintiff's allegations are adequately pled. *See* Fed. R. Civ. P. 26(c)(1)(A). This discovery stay furthers the goal of efficiency for the court and the litigants. The Court therefore STAYS discovery in this case until Defendant files an answer to the operative complaint.

## V.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendant's motion to dismiss the complaint is GRANTED WITH LEAVE TO

AMEND.

United States District Court
Northern District of California

(2) Defendant's motion for a more definite statement is GRANTED.

(3) Defendant's motion for a protective order staying discovery is GRANTED.  Discovery is STAYED until Defendant files an answer to the operative complaint.

(4) If Plaintiff seeks to further pursue this action, he must file an amended complaint **on or before July 23, 2018**.

**IT IS SO ORDERED.**

Dated:  June 21, 2018

BETH LABSON FREEMAN
United States District Judge