UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. CARTER,<br>　　　　Plaintiff,<br>　v.<br>OATH HOLDINGS INC.,<br>　　　　Defendant. | Case No. 17-cv-07086-KAW<br><br>**ORDER DENYING MOTIONS FOR AWARD OF COMPENSATION; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 66, 72 |

Plaintiff brought the instant case against Defendant Oath Holdings, Inc., alleging that Defendant infringed on Plaintiff's registered trademark "The House of Figurine Sculptures.com." (Compl. at 2, Dkt. No. 1-1.) Plaintiff's claim appears to be based on the results of a web search using Defendant's search engine, Yahoo. (*See* Compl. at 3, Exh. C.) Pending before the Court are Plaintiff's two motions for an award of compensation. (Dkt. Nos. 66, 72.) Having considered the parties' filings, and for the reasons stated below, the Court DENIES Plaintiff's motions for an award of compensation, and issues an order to show cause why the case should not be dismissed for failure to prosecute.

## I. BACKGROUND

On June 14, 2018, Plaintiff filed an "Administrative Motion for Award of Compensation and Stop the Prejudicing of Plaintiff." (Dkt. No. 66.) Plaintiff's motion is based on "Defendants[elling] Plaintiff's case to Verizon Communications Inc. along with two counterfeit marks" before Plaintiff's case could be adjudicated. (*Id.* at 3.) Plaintiff asserts the purchase ended the case, and that he is entitled to compensation of $5 million for the sale of the duplicate marks. (*Id.* at 5-6.)

On June 21, 2018, Judge Freeman, the then-presiding judge, granted Defendant's motion to dismiss the complaint, Defendant's motion for a more define statement, and Defendant's motion

1 for a protective order staying discovery. (Freeman Order, Dkt. No. 68 at 1.) Judge Freeman

2 concluded that the complaint failed to plead that Defendant "uses" Plaintiff's mark because

3 "merely returning search results to purportedly display a trademark does not show that Defendant

4 is liable under the Lanham Act." (*Id.* at 4.) To the extent Plaintiff was alleging that Defendant

5 used "two active counterfeit marks identical to Plaintiff's," Judge Freeman found that such

6 allegations were conclusory and "not entitled to be assumed true." (*Id.*) Judge Freeman also

7 concluded that there were insufficient allegations of confusion. (*Id.* at 5.) Plaintiff was given until

8 July 23, 2018 to file an amended complaint. (*Id.* at 8.)

9 The case was subsequently reassigned to the undersigned. (Dkt. No. 70.) On June 28,

10 2018, Defendant filed its opposition to Plaintiff's June 14, 2018 motion for an award of

11 compensation, arguing that the motion was moot because the complaint had been dismissed. (Dkt.

12 No. 71 at 1.) Defendant also argued that Plaintiff failed to explain why Verizon's acquisition of

13 Yahoo would "end the case" or why it would entitle Plaintiff to $5 million. (*Id.*)

14 Plaintiff's reply was due on July 5, 2018. Plaintiff did not file a reply. Instead, on July 6,

15 2018, Plaintiff filed a second "Administrative Motion for Award of Compensation and Stop

16 Prejudicing Plaintiff Brian K. Carter." (Dkt. No. 72.) As with the first motion, Plaintiff argued

17 that Defendant "sold Plaintiff's case and the two counterfeit marks in question to a third-party

18 Verizon Communications." (*Id.* at 1-2.) Based on the sale, Plaintiff asserted a right to

19 compensation of $5 million. (*Id.* at 9.) Plaintiff cited no legal or statutory authority for this

20 proposition.

21 On July 20, 2018, Defendant filed its opposition to Plaintiff's July 6, 2018 motion for an

22 award of compensation, making the same arguments as those in its prior opposition. (Dkt. No. 73

23 at 1.) No reply was filed.

## II. DISCUSSION

25 The Court DENIES Plaintiff's motions for an award of compensation. First, as of the date

26 of this order, Plaintiff has not filed an amended complaint. Without an operative complaint,

27 Plaintiff is not entitled to any relief. Second, Plaintiff cites no legal authority for why Verizon's

28 acquisition of Yahoo would end the case, and no factual basis for why Plaintiff's damages would

be valued at $5 million. Thus, Plaintiff fails to establish any basis for the relief sought.[1]

Because Plaintiff has failed to file his amended complaint, the Court also ORDERS Plaintiff to show cause, by **August 24, 2018**, why the case should not be dismissed for failure to prosecute by: (1) filing an amended complaint that complies with the requirements of Judge Freeman's June 21, 2018 order, and (2) explaining why Plaintiff failed to timely file the amended complaint. Failure to complete **both** tasks will result in the dismissal of this case for failure to prosecute.

### III. CONCLUSION

Plaintiff's motions for compensation are DENIED. Plaintiff's response to the order to show cause must be filed by August 24, 2018; failure to timely comply will result in the case being dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: August 6, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The Court also notes that, as Defendant points out, Plaintiff improperly describes these motions as administrative motions. Per Rule 7-11, motions for administrative relief are limited to miscellaneous administrative matters, such as motions to exceed the page limit or to file documents under seal.

3