United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>OATH HOLDINGS INC.,<br><br>    Defendant. | Case No. 17-cv-07086-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 80 |

Plaintiff Brian K. Carter filed the instant trademark infringement suit against Defendant Oath Holdings, Inc., alleging that Defendant created two infringing image hyperlinks on the Yahoo search engine. (First Amended Compl. ("FAC") at 5, Dkt. No. 75.[1]) Pending before the Court is Defendant's motion to dismiss the complaint with prejudice or, in the alternative, dismissal for a more definite statement. (Def.'s Mot. to Dismiss, Dkt. No. 80.) On October 26, 2018, the Court deemed the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and vacated the hearing set for November 1, 2018. (Dkt. No. 85.) Upon review of the parties' filings, the Court GRANTS Defendant's motion to dismiss with prejudice.

## I.    BACKGROUND

### A.   Factual Background

Plaintiff alleges that he is the owner of the trademark, "The House of Figurine Sculptures.com." (FAC at 2, 4.) Plaintiff asserts that Defendant "intentionally develop [sic] (created) two images hyperlinks that appear in Yahoo Web Search Engine Result for Defendant

---

[1] Because Plaintiff repeats paragraph numbers and does not otherwise use page numbers, the Court refers to the ECF header pagination for all of Plaintiff's filings.

1  [sic] own purposes." (*Id.* at 5.) Plaintiff further alleges that these two image hyperlinks are identical to Plaintiff's registered trademark. (*Id.*) When Plaintiff's trademark is entered into the Yahoo search engine, the two image hyperlinks appear in the results. (*Id.* at 9.) As an example of the "images hyperlinks," Plaintiff submits a printout of the search results for "the house of figurine sculptures," which shows search results containing the text "The House of Figurine Sculptures," as well as image results that show various sculptures. (*Id.* at 11.)

Plaintiff appears to assert that the two image hyperlinks "are goods and services sold by third party websites appearing in Yahoo Web Search Result." (FAC at 14.) Specifically, Plaintiff seems to point to one of the search results being to a website at www.princetonwww.com, which purportedly includes a sale listing of Plaintiff's trademark. (*Id.* at 9, 30.[2]) Plaintiff further alleges that these two image hyperlinks are a "consumer point of entry on Yahoo Web Search Engine Result," and that the counterfeit marks are a "third party sale transaction . . . ." (*Id.* at 19.) Further, the hyperlink purportedly does not identify the third parties' websites, goods, and services as belonging to a third-party website until the sales transaction begins. (*Id.* at 20.) Plaintiff thus concludes that this "create[s] likelihood of confusion among consumers." (*Id.*) Additionally, if any goods are sold, they are not shipped by Plaintiff, and thus show a "false designation of origin." (*Id.* at 25.)

### B. Procedural Background

Plaintiff originally filed the instant case in state court, after which it was removed to federal court. (Not. of Removal, Dkt. No. 1.) At the time, Defendant went by the name "Yahoo Holdings, Inc." On December 20, 2017, Defendant moved to dismiss the case with prejudice. (Dkt. No. 17.) On May 8, 2018, Defendant filed a notice of name change, stating that it had officially changed its name from "Yahoo Holdings, Inc." to "Oath Holdings Inc." (Dkt. No. 47.) Plaintiff filed no objections. On May 10, 2018, Judge Freeman -- the then-presiding judge -- issued an order granting the name change. (Dkt. No. 49 at 1.)

---

[2] The Court notes that the Princeton website identifies Plaintiff as the holder of the trademark, and provides his contact information. (FAC at 30.) Thus, it is not clear that the website itself is selling the trademark, but instead appears to be providing potential buyers with information to contact Plaintiff for any such purchase.

On June 14, 2018, Plaintiff filed a "Motion for award of compensation and stop the prejudicing of Plaintiff." (Dkt. No. 66.) Plaintiff's motion was based on "Defendant s[elling] Plaintiff's case to Verizon Communications Inc. along with two counterfeit marks" before Plaintiff's case could be adjudicated. (*Id.* at 3.) Plaintiff asserted that the purchase ended the case, and that he was entitled to compensation of $5 million for the sale of the duplicate marks. Plaintiff also filed a consent to magistrate judge jurisdiction. (Dkt. No. 67.)

On June 21, 2018, Judge Freeman granted Defendant's motion to dismiss. (Dismissal Ord., Dkt. No. 68.) As an initial matter, Judge Freeman took "judicial notice of the well-known fact that internet search engines index third-party web content and dynamically return relevant search results in response to user-entered search terms." (*Id.* at 2 (citing Fed. R. of Evid. 201(b)(1); *Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-7098, 2013 WL 2109963, at *1 (C.D. Cal. Mar. 8, 2018), *aff'd* 847 F.3d 657 (9th Cir. 2017)).) Judge Freeman further explained that Plaintiff alleged that Defendant was using two active counterfeit marks identical to Plaintiff's trademark on internet search results, that Plaintiff had no connection to the goods and services sold, and that the counterfeit marks were misrepresenting the designation of goods and services. (*Id.* at 2-3.)

Based on these allegations, Judge Freeman concluded that Plaintiff had failed to state a claim. (Dismissal Ord. at 4.) First, Judge Freeman found that Plaintiff failed to plead that Defendant "uses" Plaintiff's mark in commerce, as "Courts have held that an online provider does not 'use' a mark under the meaning of the Lanham Act when its search engine returns a search result based on an input of a consumer." (*Id.* (citing *Perfect 10*, 2013 WL 2109963, at *14).) Thus, "merely returning search results to purportedly display a trademark does not show that Defendant is liable under the Lanham Act." (*Id.*) Second, Judge Freeman concluded that there were no factual allegations regarding likelihood of confusion. (*Id.* at 5.) Judge Freeman, however, gave Plaintiff leave to amend, but warned that "insofar as Plaintiff alleges that Defendant is liable for trademark infringement unless its search engine returns only search results from Plaintiff's own website, Plaintiff's theory is inconsistent with the Ninth Circuit's view of search engine functionality." (*Id.*) Plaintiff's amended complaint was due by July 23, 2018. (*Id.* at 6.)

3

After issuing her order granting Defendant's motion to dismiss, Judge Freeman reassigned the case to a magistrate judge, in light of all parties consenting. (Dkt. No. 69.) The case was then reassigned to the undersigned. (Dkt. No. 70.)

On July 6, 2018, Plaintiff filed a second "Administrative Motion for Award of Compensation and Stop Prejudicing Plaintiff Brian K. Carter." (Dkt. No. 72.) As with the first motion, Plaintiff argued that Defendant "sold Plaintiff's case and the two counterfeit marks in question to a third-party Verizon Communications," and asserted a right to $5 million in compensation. (*Id.* at 1-2, 9.) Plaintiff cited no legal or statutory authority in support.

Plaintiff did not file his amended complaint by Judge Freeman's deadline. On August 6, 2018, the Court denied Plaintiff's motions for an award of compensation. (Dkt. No. 74.) First, the Court explained that Plaintiff had not filed an amended complaint, and that "[w]ithout an operative complaint, Plaintiff is not entitled to any relief." (*Id* at 2.) Second, the Court noted there was no legal authority for why Verizon's acquisition of Yahoo would end the case, and no factual basis for why Plaintiff's damages would be valued at $5 million. (*Id.* at 2-3.) Because Plaintiff had not filed an amended complaint, the Court ordered Plaintiff to show cause by filing an amended complaint by August 24, 2018. (*Id.* at 3.)

On August 27, 2018, Plaintiff filed the operative complaint. (*See* FAC.) The parties then entered into a stipulation to extend Defendant's time to respond to the complaint. (Dkt. No. 78.) In light of the filing of the first amended complaint and the parties' stipulation, the Court discharged the order to show cause. (Dkt. No. 79.)

On September 24, 2018, Defendant filed the instant motion to dismiss. On September 27, 2018, Plaintiff filed a document entitled "Plaintiff Failure to Entertain Defendant Non-Sence [sic] on September 27, 2018." (Dkt. No. 81.) Plaintiff appeared to argue that Defendant Oath was not the original defendant, but that Defendant Oath had instead "purchase[d]" the two infringing marks by virtue of its "purchase of Yahoo Operating system." (*Id.* at 4.) Thus, Plaintiff complained that Defendant Oath was a "third party" whose "motions should have never been entertained by the court." (*Id.* at 6.) On October 1, 2018, Defendant filed a response stating that Judge Freeman had already addressed its name change. (Dkt. No. 82 at 1.) On October 9, 2018,

4

Plaintiff filed his opposition to Defendant's motion. (Plf.'s Opp'n, Dkt. No. 83.) On October 12, 2018, Defendant filed its reply. (Def.'s Reply, Dkt. No. 84.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

Defendant argues that Plaintiff's complaint should be dismissed with prejudice because Plaintiff still fails to allege that Defendant uses his mark in commerce, and because Plaintiff fails to meet the pleading standard. (Def.'s Mot. to Dismiss at 2-3.)

To state a claim for trademark infringement, a plaintiff must allege that the defendant "uses" the mark at issue in commerce. 15 U.S.C. § 1114(a). Here, Defendant contends that Plaintiff's theory of infringement is not viable because search results do not use trademarks in a commercial context. (Def.'s Mot. to Dismiss at 2.) Plaintiff responds that his claim is based on Defendant "creating" two image hyperlinks that then appear in its Yahoo search results when "The House of Figurine Sculptures" is inputted, and that those image hyperlinks cannot be indexed on Yahoo's web search engine. (FAC at 5; *see also* Plf.'s Opp'n at 2-3.) Plaintiff's theory that Defendant "created" the two image hyperlinks, however, lacks any factual foundation and is contrary to how search engines work.

As Judge Freeman noted, the Court may "take[] judicial notice of the well-known fact that internet search engines index third-party web content and dynamically return relevant search results in response to user-entered search terms." (Dismissal Ord. at 2 (citing Fed. R. Evid. 201(b)(1)).) In the context of the Google search engine, the Ninth Circuit has explained that a search engine is "a software program that automatically accesses thousands of websites (collections of webpages) and indexes them within a database stored on Google's computers." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1155 (9th Cir. 2007). When a user types in a search query, the search engine "software searches its database for websites responsive to that search query." *Id.* The relevant information from the index of websites is then sent to the user's computer as results, which can be in the form of text, images, or videos. *Id.*

Against this backdrop of how search engines work, to allege a plausible claim based on the "created image hyperlinks," Plaintiff must allege actual facts that would suggest Yahoo actually

did create the image hyperlinks, as opposed to how search engines normally work by indexing third-party web content. *See Ashcroft*, 566 U.S. at 679 ("determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Without such facts, Plaintiff's conclusory allegations that the image hyperlinks were "created" are simply not plausible. Moreover, absent plausible allegations that Defendant "created" the image hyperlinks, Plaintiff's theory of liability fails because he cannot show use of the trademarks in a commercial context. As Judge Freeman previously explained, "[c]ourts have held that an online provider does not 'use' a mark under the meaning of the Lanham Act when its search engine returns a search result based on an input of a consumer." (Dismissal Ord. at 4; *see also Perfect 10 v. Giganews, Inc.*, No. CV11-7098 AHM (SHx), 2013 WL 2109963, at *14 (C.D. Cal. Mar. 8, 2013) ("Defendants do not 'use' Plaintiff's marks in a commercial transaction by merely offering a search function that allows third parties to search for images using Plaintiff's marks as search terms").)

Additionally, even if the allegedly "created" images were used in a commercial transaction, Plaintiff still fails to allege any facts that would show a user would be confused as to the origin of the purported goods for sale. To state a claim under the Lanham Act, a plaintiff must allege a likelihood of confusion. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992). Here, Plaintiff offers only conclusory statements that the counterfeit marks "deceive and mislead consumers" and "create likelihood of confusion among consumers . . . ." (FAC at 19.) As Judge Freeman previously informed Plaintiff, such conclusory allegations that consumers are confused are insufficient. (Dismissal Ord. at 5; *see also Florists' Transworld Delivery, Inc. v. Sendherflowers LLC*, Case No. CV 10-9242 DMG (AJWx), 2011 U.S. Dist. LEXIS 164480, at *18-19 (C.D. Cal. May 6, 2011) ("In general, a computer user who sees a search engine results page and clicks on a nondeceptive link resulting from a trademark keyword purchased by a competitor is not confused as to the source or affiliation of any ultimate purchase that is made from that website") (internal quotation omitted).)

Instead of identifying any facts that would show Defendant created the image hyperlinks or consumer confusion, Plaintiff spends more than three-fourths of his opposition complaining that

7

Defendant Oath is not the properly named Defendant. (Plf.'s Opp'n at 5-16.) Plaintiff asserts that he named Yahoo as the original defendant, and that Yahoo then illegally sold the two counterfeit marks to Oath Holdings. (*Id.*) This is not the case. Defendant simply changed its name from Yahoo Holdings, Inc. to Oath Holdings Inc., a name change that Plaintiff did not object to at the time and that Judge Freeman granted. (*See* Dkt. Nos. 47, 49.) Judge Freeman also acknowledged this name change in her dismissal order. (Dismissal Ord. at 1-2.) In any case, this argument does not affect the Court's conclusion that Plaintiff's liability theory fails on the merits, or that Plaintiff failed to allege any facts regarding confusion.

Therefore, the Court finds that dismissal is appropriate. The Court also finds that dismissal with prejudice is appropriate. Although the Court acknowledges that Plaintiff is acting pro se, Judge Freeman clearly explained that Plaintiff's theory of liability was not viable. To avoid that issue, Plaintiff pled conclusory allegations regarding Defendant's "creation" of image hyperlinks, allegations that lack any factual support and are contradicted by judicially noticeable facts regarding how search engines work. Plaintiff also again fails to allege any facts regarding likelihood of confusion. Plaintiff then spent the vast majority of his opposition focused on a name change, rather than addressing the merits of the motion to dismiss. In such circumstances, the Court finds that Plaintiff has made no showing that the complaint can be amended to allege a viable claim. Accordingly, the Court dismisses the case with prejudice.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss with prejudice.

IT IS SO ORDERED.

Dated: November 5, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge